IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FIRST PROTECTIVE INSURANCE COMPANY D/B/A FRONTLINE HOMEOWNERS INSURANCE, a foreign corporation,<br><br>Plaintiff,<br><br>v.<br><br>TTI OUTDOOR POWER EQUIPMENT, INC.,<br><br>Defendant. | Civil Action No. _____<br><br>Jury Trial Demanded |

## **COMPLAINT**

COMES NOW Plaintiff, FIRST PROTECTIVE INSURANCE COMPANY D/B/A FRONTLINE HOMEOWNERS INSURANCE, by and through its undersigned counsel, and hereby files this Complaint against Defendant TTI OUTDOOR POWER EQUIPMENT, INC., and alleges the following:

### **PARTIES**

1. Plaintiff First Protective Insurance Company d/b/a Frontline Homeowners Insurance ("Plaintiff") is a Florida Insurance Corporation lawfully providing insurance services in the State of Alabama.

LEGAL\80892261\1

2. At all times material hereto, Plaintiff's insured was Kerry Lee Johnson (hereinafter "Insured"), who was the owner of the property located at 23896 Cypress Grove, Orange Beach, AL 36561 (the "Subject Property").

3. Defendant TTI Outdoor Power Equipment, Inc. is a foreign business with a registered agent of service as Corporation Service Company, 251 Little Falls Drive, Wilmington Delaware 19808. Defendant has its principal place of business in South Carolina. It is this entity that designed, manufactured, constructed, assembled, marketed, sold, distributed, and/or otherwise is responsible for the unsafe, defective, and/or dangerous condition of the product described herein.

## JURISDICTION AND VENUE

7. This court has subject matter jurisdiction over the parties under 28 U.S.C. § 1332 because all parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441

8. Venue is proper in this Court.

## FACTS

9. On or about July 15, 2023, a Ryobi 40V lithium 2.6Ah battery (the "Ryobi Battery") was located in the garage of the Subject Property.

10. At all times material to this action, Kerry Lee Johnson, Plaintiff's Insured, was the owner of the Subject Property and the Ryobi Battery.

LEGAL\80892261\1

11. On or about July 15, 2023, the Subject Property sustained significant fire damage.

12. It has been determined that the Ryobi Battery ignited and caused the fire the consumed part of the Subject Property.

13. The Ryobi Battery was improperly designed and/or improperly manufactured because it allowed for arcing events and thermal runaway that caused the fire that consumed the Ryobi Battery and damaged Plaintiff's Insured's real and personal property on or about July 15, 2023.

14. The Ryobi Battery was designed, manufactured, constructed, assembled, tested, marketed, sold, and/or distributed by Defendant.

15. At all relevant times, Defendant was in the business of designing, manufacturing, constructing, assembling, testing, marketing, selling, distributing, and/or otherwise placing the Ryobi Battery into the stream of commerce in the State of Alabama.

16. Plaintiff's Insured never modified the Ryobi Battery.

17. At all times material to this action, Plaintiff insured the Subject Property against loss or damage, including loss or damage by fire.

18. As a result of the fire to the Subject Property, Plaintiff's Insured submitted a claim for damages to Plaintiff under the Policy attached in Exhibit A.

LEGAL\80892261\1

19. Plaintiff's Insured sustained real and personal property damages and other losses and additional living expenses in an amount in excess of $255,786.41 as a result of the fire to the Subject Property.

20. Plaintiff has paid to and/or on behalf of its Insured approximately $255,786.41 for the damages incurred and caused by the Ryobi Battery fire at the Subject Property.

21. The Policy in Exhibit A provides a right of subrogation for any payment Plaintiff has made to and/or on behalf of its Insured from this fire event. See Exhibit A, p. 33.

22. Plaintiff is now subrogated to the rights of its Insured to the Policy in Exhibit "A" and by operation of law to the extent of the payments made and is thus entitled to seek recovery from Defendant under principles of legal and equitable subrogation.

## COUNT I—ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE

23. Plaintiff adopts and re-alleges each and every allegation previously set out in this Complaint as if fully set out here.

24. At said time and place, the Ryobi Battery was in substantially the same condition as when it was designed, manufactured, constructed, assembled, marketed, sold, and/or distributed by Defendant.

LEGAL\80892261\1

25. At said time and place, the Ryobi Battery was being used in a manner that was foreseeable. The Ryobi Battery was not reasonably safe when being used in a foreseeable manner, but, to the contrary, was defective and unreasonably dangerous when being so used.

26. Defendant knew, or, in the exercise of reasonable care, should have known, that the Ryobi Battery was unreasonably dangerous when being used in a foreseeable manner.

27. The defective conditions of the Ryobi Battery were the proximate cause of Plaintiff's damages and renders Defendant liable to Plaintiff pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

28. Plaintiff alleges that its damages were caused as a proximate consequence of the violation of the Alabama Extended Manufacturers Liability Doctrine and other wrongful conduct of Defendant as hereinafter described in one or more of the following ways:

a) Improperly designing, manufacturing, constructing, assembling, and/or testing the Ryobi Battery;

b) Failing to design, manufacture, construct, assemble, and/or test the Ryobi Battery in a safe manner;

c) Negligently designing, manufacturing, constructing, and/or assembling the Ryobi Battery in such a way that it caused arcing events and thermal runaway that caused the fire at the Subject Property;

d) Improperly marketing, selling, and/or distributing the Ryobi Battery in a defective and/or dangerous condition;

e) Failing to warn the Insured, the public, and/or other foreseeable users that the Ryobi Battery was defective, dangerous, and/or could fail through ordinary use; and

f) Otherwise designing or manufacturing the product such that it was not reasonably safe in ways that may be disclosed during the course of the discovery proceedings.

29. As a direct, proximate, and foreseeable result of the aforesaid wrongful acts and/or omissions of Defendant, Plaintiff's Insured sustained real and personal property damages and other losses and additional living expenses in an amount in excess of $255,786.41, for which Defendant is legally liable.

WHEREFORE, Plaintiff requests that the jury selected to hear this case render a verdict for the Plaintiff, and against the Defendant, for compensatory damages in an amount that will adequately compensate Plaintiff for the damages sustained due to the Defendant's conduct; and for exemplary damages in an amount that will adequately reflect the wrongfulness of Defendant's conduct. Further, Plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award Plaintiff interest from the date of judgment, the costs incurred by the Court in managing this lawsuit, and all other relief as this court deems just and proper.

## COUNT II—NEGLIGENCE

30. Plaintiff adopts and re-alleges each and every allegation previously set out in the Complaint as if fully set out here.

31. At all relevant times, Defendant owed a duty to use reasonable care in designing, manufacturing, constructing, assembling, testing, marketing, selling, and distributing the Ryobi Battery to avoid causing an unreasonable risk of injury or damage.

32. Defendant breached its duty of reasonable care in that the Ryobi Battery was defectively designed and/or defectively manufactured, which caused arcing events and thermal runaway that caused the fire at the Subject Property.

33. Defendant's breach of its duties were the proximate cause of Plaintiff's damages and, but for Defendant's breach, the fire at the Subject Property would not have occurred.

34. Defendant knew or should have known that if it breached its duties of reasonable care to the Insured and other foreseeable users that the fire and resulting damages complained of herein could occur.

35. Defendant is liable and legally responsible for the fire and resulting property damages and losses suffered by Plaintiff in one or more of the following ways:

   a) Improperly designing, manufacturing, constructing, assembling, and/or testing the Ryobi Battery;

   b) Failing to design, manufacture, construct, assemble, and/or test the Ryobi Battery in a safe manner;

c) Negligently designing, manufacturing, constructing, and/or assembling the Ryobi Battery in such a way that it caused arcing events and thermal runaway that caused the fire at the Subject Property;

d) Improperly marketing, selling, and/or distributing the Ryobi Battery in a defective and/or dangerous condition;

e) Failing to warn the Insured, the public, and/or other foreseeable users that the Ryobi Battery was defective, dangerous, and/or could fail through ordinary use; and

f) Otherwise failing to exercise reasonable care under the circumstances in ways that may be disclosed during the course of the discovery proceedings.

36. Plaintiff alleges that its damages were caused as a direct, proximate, and foreseeable consequence of Defendant's negligent conduct and other wrongful conduct.

37. The damages sustained would not have occurred but for Defendant's breach of its duties of reasonable care to Plaintiff's Insured.

38. As a direct, proximate, and foreseeable result of the aforesaid negligent and/or wrongful acts and/or omissions of Defendant, Plaintiff's Insured sustained real and personal property damages and other losses and additional living expenses in an amount in excess of $255,786.41, for which Defendant is legally liable.

WHEREFORE, Plaintiff requests that the jury selected to hear this case render a verdict for the Plaintiff, and against the Defendant, for compensatory damages in an amount that will adequately compensate Plaintiff for the damages sustained due to the Defendant's conduct; and for exemplary damages in an amount that will

LEGAL\80892261\1

adequately reflect the wrongfulness of Defendant's conduct. Further, Plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award Plaintiff interest from the date of judgment, the costs incurred by the Court in managing this lawsuit, and all other relief as this court deems just and proper.

## COUNT III—WANTONNESS

39. Plaintiff adopts and re-alleges each and every allegation previously set out in the Complaint as if fully set out here.

40. Defendant wantonly designed, manufactured, constructed, assembled, tested, marketed, sold, and/or distributed the Ryobi Battery involved in the incident made the basis of Plaintiff's Complaint, and said wanton conduct was a proximate cause of Plaintiff's damages.

41. Plaintiff alleges that its damages were caused as a direct, proximate, and foreseeable consequence of Defendant's wanton conduct and other wrongful conduct.

42. As a direct, proximate, and foreseeable result of the aforesaid wanton and/or wrongful acts and/or omissions of Defendant, Plaintiff's Insured sustained real and personal property damages and other losses and additional living expenses in an amount in excess of $255,786.41, for which Defendant is legally liable.

WHEREFORE, Plaintiff requests that the jury selected to hear this case render a verdict for the Plaintiff, and against the Defendant, for compensatory damages in an amount that will adequately compensate Plaintiff for the damages sustained due to the Defendant's conduct; and for exemplary damages in an amount that will adequately reflect the wrongfulness of Defendant's conduct. Further, Plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award Plaintiff interest from the date of judgment, the costs incurred by the Court in managing this lawsuit, and all other relief as this court deems just and proper.

### COUNT IV—NEGLIGENT FAILURE TO WARN

43. Plaintiff adopts and re-alleges each and every allegation previously set out in this Complaint as if fully set out here.

44. Defendant negligently failed to warn the Plaintiff of the dangers associated with the Ryobi Battery, and said negligent conduct was the proximate cause of Plaintiff's damages.

45. Plaintiff alleges that its damages were caused as a direct, proximate, and foreseeable consequence of Defendant's negligent conduct and other wrongful conduct.

46. As a direct, proximate, and foreseeable result of the aforesaid negligent and/or wrongful acts and/or omissions of Defendant, Plaintiff's Insured sustained

real and personal property damages and other losses and additional living expenses in an amount in excess of $255,786.41, for which Defendant is legally liable.

WHEREFORE, Plaintiff requests that the jury selected to hear this case render a verdict for the Plaintiff, and against the Defendant, for compensatory damages in an amount that will adequately compensate Plaintiff for the damages sustained due to the Defendant's conduct; and for exemplary damages in an amount that will adequately reflect the wrongfulness of Defendant's conduct. Further, Plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award Plaintiff interest from the date of judgment, the costs incurred by the Court in managing this lawsuit, and all other relief as this court deems just and proper.

## COUNT V—WANTON FAILURE TO WARN

47. Plaintiff adopts and re-alleges each and every allegation previously set out in this Complaint as if fully set out here.

48. Defendant wantonly failed to warn Plaintiff of the dangers associated with the Ryobi Battery, and said wanton conduct was a proximate cause of Plaintiff's damages.

49. Plaintiff alleges that its damages were caused as a direct, proximate, and foreseeable consequence of Defendant's wanton conduct and other wrongful conduct.

50. As a direct, proximate, and foreseeable result of the aforesaid wanton and/or wrongful acts and/or omissions of Defendant, Plaintiff's Insured sustained real and personal property damages and other losses and additional living expenses in an amount in excess of $255,786.41, for which Defendant is legally liable.

WHEREFORE, Plaintiff requests that the jury selected to hear this case render a verdict for the Plaintiff, and against the Defendant, for compensatory damages in an amount that will adequately compensate Plaintiff for the damages sustained due to the Defendant's conduct; and for exemplary damages in an amount that will adequately reflect the wrongfulness of Defendant's conduct. Further, Plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award Plaintiff interest from the date of judgment, the costs incurred by the Court in managing this lawsuit, and all other relief as this court deems just and proper.

## COUNT VI—BREACH OF EXPRESS WARRANTY

51. Plaintiff adopts and re-alleges each and every allegation previously set out in this Complaint as if fully set out here.

52. Defendant expressly warranted that the Ryobi Battery involved in the incident made the basis of Plaintiff's Complaint was reasonably fit and suitable for the purposes for which it was intended to be used.

LEGAL\80892261\1

53. Defendant breached said express warranties in that the Ryobi Battery was not reasonably fit and suitable for the purposes for which it was intended to be used, but, to the contrary, the Ryobi Battery was in a dangerously defective and unsafe condition.

54. As a direct, proximate, and foreseeable result of Defendant's breach of the aforesaid express warranties, Plaintiff's Insured sustained real and personal property damages and other losses and additional living expenses in an amount in excess of $255,786.41, for which Defendant is legally liable.

WHEREFORE, Plaintiff requests that the jury selected to hear this case render a verdict for the Plaintiff, and against the Defendant, for compensatory damages in an amount that will adequately compensate Plaintiff for the damages sustained due to the Defendant's conduct; and for exemplary damages in an amount that will adequately reflect the wrongfulness of Defendant's conduct. Further, Plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award Plaintiff interest from the date of judgment, the costs incurred by the Court in managing this lawsuit, and all other relief as this court deems just and proper.

## COURT VII—BREACH OF IMPLIED WARRANTY

55. Plaintiff adopts and re-alleges each and every allegation previously set out in this Complaint as if fully set out here.

LEGAL\80892261\1

56. Defendant impliedly warranted that the Ryobi Battery involved in the incident made the basis of Plaintiff's Complaint was reasonably fit and suitable for the purposes for which it was intended to be used.

57. Defendant breached said implied warranties in that the Ryobi Battery was not reasonably fit and suitable for the purposes for which it was intended to be used, but, to the contrary, the Ryobi Battery was in a dangerously defective and unsafe condition.

58. As a direct, proximate, and foreseeable result of Defendant's breach of the aforesaid implied warranties, Plaintiff's Insured sustained real and personal property damages and other losses and additional living expenses in an amount in excess of $255,786.41, for which Defendant is legally liable.

WHEREFORE, Plaintiff requests that the jury selected to hear this case render a verdict for the Plaintiff, and against the Defendant, for compensatory damages in an amount that will adequately compensate Plaintiff for the damages sustained due to the Defendant's conduct; and for exemplary damages in an amount that will adequately reflect the wrongfulness of Defendant's conduct. Further, Plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award Plaintiff interest from the date of judgment, the costs incurred by the Court in managing this lawsuit, and all other relief as this court deems just and proper.

LEGAL\80892261\1

Respectfully submitted this 5th day of December, 2025.

By: _____
Neal D. Moore, III (Asb-3971-M73N)
CHRISTIAN & SMALL, LLP
505 20th Street North, Suite 1800
Birmingham, Alabama 35203
Email: ndmoore@csattorneys.com
*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues.

_____
Neal D. Moore, III (Asb-3971-M73N)
CHRISTIAN & SMALL, LLP
505 20th Street North, Suite 1800
Birmingham, Alabama 35203
Email: ndmoore@csattorneys.com
*Counsel for Plaintiff*

*Co-Counsel for Plaintiff*
T. Evan Beauchamp
Pro Hac Vice To Be Submitted
**COZEN O'CONNOR**
The Promenade, Suite 400
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 572-2113
Email: ebeauchamp@cozen.com